IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
| )| |
| Plaintiff,            ) | |
| )| |
| v.            ) | Case No. CIV-13-083-RAW |
| )| |
| SAMUEL TODD JEWELL, et al.,            ) | |
| )| |
| Defendants.            ) | |

### ORDER

    Before the court is the motion of the plaintiff to strike jury demand. The complaint in the case was filed on February 28, 2013.  Defendant Samuel Todd Jewel did not file a jury demand until June 6, 2013.  In detailed briefing, both parties have cited the pertinent provisions of the Federal Rules of Civil Procedure.  Rule 38(b) F.R.Cv.P. provides that a party may demand a jury trial by "serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served" and filing the demand with the court.  Moreover, under Rule 38(d) F.R.Cv.P., failure to make a timely demand for jury is a waiver.

    Plaintiff moves to strike on the ground of untimeliness and defendant Samuel Jewell argues to the contrary.  Both parties make elaborate presentations on the issue of whether the jury trial demand was in fact filed later than "14 days after the last pleading directed to the issue," in light of counterclaims and other named defendants.

    The court concludes that making its way through that labyrinth is unnecessary.  As both parties also acknowledge, under Rule 39(b) F.R.Cv.P., the trial court may nevertheless

grant a jury trial "on motion" and "on any issue for which a jury might have been demanded." Defendant Samuel Jewell has not filed a formal motion for jury trial but has requested relief under Rule 39(b) in his response to the present motion. Along with the filing of June 6, 2013, this is a "similar manifestation of that party's desire to have a jury trial." 9 C. Wright & A. Miller, *Federal Practice and Procedure* §2334 at 300-01 (3rd ed.2008). In the Tenth Circuit, district courts should exercise their discretion to grant motions for jury trials under Rule 39(b) absent strong and compelling reasons not to do so. *See Nissan Motor Corp. v. Burciaga,* 982 F.2d 408, 409 (10th Cir.1992). This court is not persuaded such strong and compelling reasons exist. Accordingly, plaintiff's motion will be denied and a jury trial granted.

It is the order of the court that the motion to strike jury demand (#46) is DENIED. Defendant Samuel Todd Jewell is granted a jury trial as to any issue for which a jury trial is legally appropriate.

**ORDERED THIS 19th DAY OF AUGUST, 2013.**


**Dated this 19th day of August, 2013.**


Ronald A. White
United States District Judge
Eastern District of Oklahoma